No. 330

HARDIN et v. EHRING et

Ohio Appeals, 2nd Dist., Madison Co.

Decided April 27, 1925

615. HUSBAND & WIFE—While it is the right of the husband, where there are no children or testamentary provision, to inter his wife's body where he sees fit, yet under Sec. 3467 GC. he cannot remove for interment elsewhere without the consent of the collateral heirs.

FERNEDING, J.

This case involves the right of a husband to disinter the body of his wife against the protest of the wife's relatives, there being no children or other direct descendents of the wife. There is no doubt in our mind as to the right of the husband in the instant case to provide for the interment of his wife. The question here is the right of the husband against the protest of the brothers and sisters of the deceased wife, to disinter the body and remove it to a lot secured by the husband in another cemetary in another city. The Court of Appeals held:

1. The evidence shows that the husband has been remarried and lives in the city where the cemetary to which the body is to be removed is located. The right of the husband to provide for the original interment or dispoⁿ of the body is set forth in the opinion of Evan, v. Evans, 9 N. P. (n.s.) 589.

2. Counsel for Ehring relies on Sec. 3467 GC. which provides that the trustee of any cemetery association "shall disinter or issue a permit to disinter" and deliver any body buried therein at the request of the next of kin of the deceased.

3. This is a mandatory statute, but its operation depends upon the scope of the words "next of kin." These words have been variously construed by different courts some holding that "next of kin" means only the blood relatives, while others hold that the term is broad enough to include the husband or wife of a decedent.

4. We are of the opinion that the courts of this state adopt the broader meaning and include within the term the husband, or wife, as well as the blood relatives, in cases where there are no children. Godfrey v. Epple, OS. 447.

5. "Next of kin" the narrow interpretation it would include the collateral relatives, and under the broad interpretation it would include both the husband and the collateral relatives, so that in either event before this statute could be executed, the consent of the blood relatives of the wife must be secured.

Decree for plaintiff.

(Allread & Kunkle, JJ., concur.)

Attorneys—Crabbe & Johnson, London, for Hardin; Chas. S. Druggan, Columbus, for Ehring.

---

THIS WEEK'S DIGEST
Cases Published in the Abstract

18. ACCOUNTING.
In case where plaintiff lived as wife of decedent a suit in account of moneys in bank will fail when evidence shows no ownership in wife. Clark v. Clark. OA. 5 Abs. 279.

223. CHANGE OF VENUE.
Overruling of motion for change of venue may be reviewed only when the court has abused its discretion. Weber v. State. OA. 5 Abs. 275.

225. CHARGE TO JURY.
Court's charge that if verdict were returned for plaintiff, that mental pain and suffering resulting from the injury be included as part of the damages, is correct, for mental pain is an essential part of physical injury. Uthoff v. Radtke. OA. 5 Abs. 274.

333. CRIMINAL LAW.
Where shot is fired with criminal intent at one person and another person nearby is hit, conviction on an indictment averring the shooting of the latter with intent, is good. Weber v. State. OA. 5 Abs. 275.

396. DIRECTED VERDICT.
Where one is thrown to the floor of a street car by reason of a sudden jerk of the car, failure to prove that it is not the ordinary thing for a car to start with a jerk, is not such a failure of proof as to justify a directed verdict. Cleveland Ry. Co. v. Hunt. OS. 5 Abs. 285.

413. DIVORCE & ALIMONY.
Sec. 11993 GC. provides where divorce is granted upon the agression of the wife, there shall be a division of property; but where there is a motion to vacate granted to the wife upon the ground of concealment of property at time of divorce, the court cannot award alimony, as such an action is a new action and should be heard as if there had been no action pending. Kristo v. Kristo. OA. 5 Abs. 279.

455. EMINENT DOMAIN.
Where the issue raised by proceedings in appropriation is whether or not the municipality intends appropriating the property for a public use, injunction will lie to halt further proceedings in the appropriating court. Roosevelt Hotel Co. v. Cleveland (City). OA. 5 Abs. 274.

465. ERROR.
Where there is some evidence on every point of each averment of petition for damages it is error for court to direct a verdict. Machlitt v. Myers, et. OA. 5 Abs. 279.

480. EVIDENCE.
Where there is a mere conflict of evidence a reviewing court cannot reverse on weight of evidence, for such is a matter of law and not as a matter of the courts opinion. Twin Dry Cell Co. v. Southworth Co. OA. 5 Abs. 280.

Where evidence is introduced showing that tender skin might be affected by application of arnica, it is error to exclude testimony showing that same party purchased more arnica from same place and same did not affect her skin, the weight of testimony is for the jury. Machlitt v. Myers, et. OA. 5 Abs. 279.